

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-3971

Re: Whether or not the Texas Liquor Control Board may adopt a regulation requiring tax stamps on the case or carton holding bottles of ale instead of requiring them on each individual bottle of ale.

This is in reply to your letter requesting an opinion concerning the placing of stamps on containers of ale. Your letter reads as follows:

"...

"The marketing of ale, legally termed 'Malt Liquor' in Texas is quite similar to practices and customs involving the marketing of beer. The product is packaged in bottles contained in cases similar to beer container packages.

"The Texas Liquor Control Act also imposes a tax upon beer, a product legally distinct from 'malt liquor' and requires the affixing of stamps to the case, which customarily contains from six to twenty-five bottles to the container.

"Essential control of tax collection lies in the reports of shippers, records of carriers and reports of importers by which tax liability is determined and the record of tax stamp sales reflect the discharge of tax liability. For this reason the actual affixing of tax stamps to beer cases is incidental to methods of determining tax liability and requiring the payment of such tax.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Customarily bottles of beer and ale or malt liquor as sold through dispensing establishments are cooled through emersion in ice and water. Other sales are made in packages, either in single bottle lots or otherwise, where consumption of the product is not desired on the dealer's licensed premises.

"The Texas Liquor Control Act requires to be affixed to the containers of malt liquor proper tax stamps evidencing payment of the tax. In the case of ale, such stamps are affixed to the crown of the bottle. Extensive experiments have failed to disclose the availability of any type of tax stamp which when affixed to a bottle emersed in water will not become detached after a reasonable period of soaking. Our regulations require that decalcomania stamps, which appear to be the most adhesive, be affixed to containers of ale, but such stamps after emersion for a short length of time more frequently than otherwise become detached from the container and when the bottle is sold no such tax stamp appears thereon.

"Marketers of ale in Texas have petitioned the Texas Liquor Control Board to require a stamp to be affixed to ale containers identical with the practice of affixing stamps to containers of beer; that is, to the case or carton containing individual bottles. The Texas Liquor Control Act provides that the Board shall have the power to relax the requirement that stamps be affixed to bottles or containers when in its judgment it would be impracticable to require the affixing of such stamps on the bottle or container. There appears in connection with this question no impracticability involved in the affixing of stamps to the containers, but in actual practice there is an impracticability in expecting the stamp when so affixed to remain affixed until the ale is sold to the consumer.

"Involved in this question is likewise the expense to the State in providing stamps for individual

Honorable Bert Ford, Administrator, Page 3

bottles as compared with a greatly reduced expense
if tax stamps of proper denomination were affixed
to cases or cartons. It may be readily seen that
affixing twenty-four individual stamps to bottles
would be greatly in excess of the cost of affixing
one stamp to a case representing the tax required
to be paid on the aggregate number of bottles con-
tained therein.

"The Board is now considering requests that
a regulation be adopted requiring stamps to be af-
fixed to cases or cartons in lieu of individual
bottle containers. In connection with such a pro-
position, your opinion is requested as to the fol-
lowing questions:

"1. Under the circumstances presented with
no impracticability in affixing stamps to indivi-
dual containers, but an impracticability in antici-
pating that such stamps will continue to remain
affixed under ordinary marketing practices, is it
your opinion that legislative authority has been
established for the adoption and enforcement of
a regulation requiring stamps to be affixed to car-
tons or cases in lieu of individual bottle containers?

"2. If it is your opinion that stamps may be
required to be affixed to cartons or cases, is it
within the authority of the Texas Liquor Control
Board to adopt and to provide tax stamps of denomi-
nations equaling the aggregate tax on individual
containers contained within the carton or case in
lieu of requiring to be affixed to the carton or
case the same number and denominations of stamps
that would otherwise be affixed to individual bot-
tles or containers?

". . . ."

The answers to your questions depend upon the con-
struction to be placed upon certain provisions of the "Texas
Liquor Control Act". Said Act is divided into Part I (codi-
fied as Articles 666-1, et seq, in Vernon's Annotated Penal
Code of Texas) and Part II (codified as Articles 667-1, et
seq, in Vernon's Annotated Penal Code of Texas). Part I

deals with intoxicating liquors generally; and Part II deals primarily with beer.

"Alcoholic Beverage" is defined in Article 666-3a as follows:

> "'Alcoholic Beverage' shall mean alcohol and any beverage containing more than one-half of one per cent of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted."

"Liquor" is defined in Article 666-3a as follows:

> "'Liquor' shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated. Proof that an alcoholic beverage is alcohol, spirits of wine, whiskey, liquor, wine, brandy, gin, tequilla, mescal, habanero, or berreteago, shall be prima facie evidence that the same is liquor as herein defined."

"Beer" is defined in Article 667-1 as follows:

> "The term 'beer' means a malt beverage containing one-half of one per cent or more of alcohol by volume and not more than four (4) per cent of alcohol by weight, and shall not be inclusive of any beverage designated by label or otherwise by any other name than beer."

It is our understanding that "ale" comes within the definition of "alcoholic beverage", and that it also comes within the definition of "liquor" by virtue of the fact that it is an alcoholic beverage containing alcohol in excess of four (4) per centum by weight. For that reason it does not come within the definition of "beer". Both "ale" and "beer" are malt beverages.

The tax involved in this question is prescribed by Article 666-21, V.A.P.C., which reads in part as follows:

> "There is hereby levied and imposed on the first sale in addition to the other fees and taxes levied by this Act the following:

> ". . . . .

"(f)  A tax of fifteen (15) cents on each gallon of malt liquor containing alcohol in excess of four ( ) per cent by weight.

"The term 'first sale' as used in Article I of this Act shall mean and include the first sale, possession, distribution, or use in this State of any and all liquor refined, blended, manufactured, imported into, or in any other manner produced or acquired, possessed, or brought into this State.

"The tax herein levied shall be paid by affixing a stamp or stamps on each bottle or container of liquor.  Said stamps shall be affixed in strict accordance with any rule or regulation promulgated in pursuance of this Act; provided, however, any holder of a permit as a retail dealer as that term is defined herein shall be held liable for any tax due on any liquor sold on which the tax has not been paid.

"It shall be the duty of each person who makes a first sale of any liquor in this State to affix said stamps on each bottle or container of liquor and to cancel the same in accordance with any rule and regulation of the Board.  The Board shall have power to relax the foregoing provision when in its judgment it would be impracticable to require the affixing of such stamp on the bottle or container. In the case of wines, the stamp shall be affixed to every container intended to be sold as an unbroken package to the ultimate customer.  . . ." (Underscoring ours)

Article 666-21a, V.A.P.C., reads in part as follows:

". . . . stamps for malt liquors containing alcohol in excess of four (4) per cent by weight shall be issued in multiples of the rate assessed for each twelve (12) fluid ounces; provided that where any such liquors are contained in containers of one-fifth of a gallon, stamps shall be issued therefor at the assessed rate for each such type of liquor; and provided further, that where any such distilled spirits are contained in containers

Honorable Bert Ford, Administrator, Page 6

of one-tenth of a gallon, stamps shall be issued
therefor at the assessed rate for each such type
of distilled spirits. It is further provided
that the taxes herein levied and assessed shall
be paid and collected by stamps as provided in
this Section. . . ."

In the case of beer we are not faced with any ques-
tion as to the propriety of placing the stamps on the case or
carton, instead of on the bottles, because such privilege is
specifically granted by the terms of paragraph (g) of Article
667-1 and paragraph (e) of Article 667-23, V.A.P.C., which
articles apply only to beer. However, the problem is more
difficult in the case of ale because the only statutory pro-
visions that control the question are Articles 666-21 and
666-21a, quoted above. We think it clear that in the case
of ale in a bottle the words "bottle" and "container" in Arti-
cle 666-21 means the receptacle in which the ale is immediate-
ly contained. The word "container" in that article has refer-
ence to receptacles other than bottles in which the alcoholic
beverage might be contained, for example, jugs, kegs and cans.

We now must decide how this question is affected by
the sentence in said above-quoted Article 666-21 that reads
as follows:  "The Board shall have power to relax the fore-
going provision when in its judgment it would be impracticable
to require the affixing of such stamp on the bottle or con-
tainer". We believe said sentence gives the board authority
to promulgate a regulation directing that said stamps shall
be placed on cartons or cases of ale in the same manner they
are placed on cartons or cases of beer, in lieu of affixing
a stamp to each bottle, if the Board believes it is imprac-
ticable to require that the stamps be affixed to the bottles.

A reading of the entire statute shows that this is
a sales tax, the tax being imposed on the first sale. The
payment of the tax is evidenced by stamps. We believe the
statute allows the Board a discretion in the method it uses
in collecting the tax to the extent that it can prescribe
rules as to how the stamps shall be placed.

Article 666-21a, quoted above, gives the Board
authority to provide stamps of denominations equal to the

Honorable Bert Ford, Administrator, Page 7

total tax due on the sale of all the bottles in the case or carton.

Our answer to both of your questions is "yes".

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Rotsch*

Cecil C. Rotsch
Assistant

APPROVED DEC 13 1941

FIRST ASSISTANT
ATTORNEY GENERAL

CCR:mp

